UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DONOVAN ROWE and NAGI BENSON,

                              Plaintiffs,

    -against-

ANTHONY BOMPAROLA; SARAH SHATTUCK;
and JOHN and JANE DOE 1 through 10, individually
and in their official capacities (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),


                              Defendants.
-----------------------------------------------------------------------X

*COMPLAINT AND*
*JURY DEMAND*

ECF CASE

Docket No.
1:17-cv-526

Plaintiffs, Donovan Rowe and Nagi Benson, by their attorney, Cary London, Esq., of London Indusi, LLP, for their complaint against the above Defendants alleges as follows:

**PRELIMARY STATEMENT**

1. This is a civil rights action in which Plaintiffs seek relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of their civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the Laws of the State of New York.

2. The claim arises from a February 10, 2016 incident in which defendants, acting under color of state law, unlawfully detained, assaulted, and arrested plaintiffs for no valid reason. As a result of this unlawful detainment and arrest, the plaintiffs were deprived of liberty for approximately 24 hours. After six months of Court Appearances, Plaintiffs reluctantly accepted Adjournments in Contemplation of Dismissal.

3. Plaintiffs seek monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

1

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Donovan Rowe ("Mr. Rowe") resided at all times in Kings County, in the City and State of New York.

8. Plaintiff Nagi Benson ("Mr. Benson") resided at all times in Kings County, in the City and State of New York.

9. Defendant Anthony Bomparola ("Bomparola") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Bomparola was, at the time relevant herein, a Police Officer under Shield # 15054 in the 79th Precinct. Defendant Bomparola is sued in his individual capacity.

10. Defendant Sarah Shattuck ("Shattuck") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Shattuck was, at the time relevant herein, a Police Officer under Shield # 14982 in the 79th Precinct. Defendant Shattuck is sued in her individual capacity.

2

11. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

### FACTUAL CHARGES

14. On February 10, 2016, at approximately 6:00 p.m., Mr. Rowe was lawfully and innocently present inside of his respective apt on the 2nd Floor of 6 Albany Avenue in Brooklyn, New York.

15. On February 10, 2016, at approximately 6:00 p.m., Mr. Benson was lawfully and innocently present inside the vestibule area of 6 Albany Avenue in Brooklyn, New York.

16. Mr. Benson was planning on visiting Mr. Rowe at his apt located at 6 Albany Avenue.

17. Defendants, including Bomparola, Shattuck and unidentified male defendant, entered the lobby vestibule area of 6 Albany Avenue.

18. Defendants, including Bomparola, Shattuck and unidentified male defendant, approached, stopped, and began questioning Mr. Benson in the vestibule of 6 Albany Avenue.

19. Defendants, including Bomparola, Shattuck and unidentified male defendant, asked for Identification from Mr. Benson.

20. Mr. Benson complied with the Defendants request and gave them his identification in the

form of a NYS Drivers License.

21. While Defendants' were questioning Mr. Benson, Mr. Rowe came down to the lobby from his apartment.

22.  Mr. Rowe informed defendants, including Bomparola, Shattuck and unidentified male defendant, that Mr. Benson was visiting Mr. Rowe, who lived in the building.

23. Thereafter, defendant Bomparola grabbed Mr. Rowe and ordered him to stand against the wall.

24. Mr. Rowe complied with Defendants orders and stood against the wall in the lobby with his hands up.

25. Mr. Rowe repeatedly told defendant Bomparola and unidentified male defendant "I live here."

26. Defendants did not observe Mr. Rowe commit any crime or offense.

27. Thereafter, defendant Bomparola, grabbed Mr. Rowe and threw him violently to the floor, causing him to smack his head against the doorway, and his knees to hit the ground.

28. Defendant Bomparola shouted profanities and threats at Mr. Rowe.

29. Mr. Rowe did not resist arrest.

30. Defendant Bomparola then unlawfully handcuffed Mr. Rowe.

31. Defendant Bomparola's actions caused pain, suffering, bruising, and swelling to Mr. Rowe's head and knees.

32. Mr. Benson did not interfere with Mr. Rowe's arrest.

33. Thereafter, defendants, including Bomparola, Shattuck, and unidentified male, approached and unlawfully handcuffed Mr. Benson.

34. Defendants did not observe Mr. Benson commit any crime or offense.

35. Mr. Benson did not resist arrest.

36. Defendants, including Bomparola, Shattuck, and unidentified male, proceeded to search plaintiffs without their permission or authority.

37. No contraband or anything of illegality was found on either plaintiff.

38. Defendants, including Bomparola, Shattuck, and unidentified male, had no probable cause or reasonable suspicion to arrest plaintiffs.

39. Before Defendant Bomparola put Mr. Rowe in the NYPD vehicle, he choked Mr. Rowe by placing his hands around his neck and squeezing.

40. Defendant Bomparola's actions caused Mr. Rowe to experience pain, suffering, bruising, and swelling.

41. Thereafter, Defendants transported plaintiffs to the precinct.

42. Plaintiffs inquired as to why they were being arrested.

43. Defendants refused to tell plaintiffs why they were being arrested.

44. Defendants brought plaintiffs to the 79th Precinct.

45. Eventually, plaintiffs were transported to central bookings in Brooklyn.

46. While plaintiffs were in central booking, defendants, including Bomparola, Shattuck, and unidentified male, acting with malice, conveyed false information to prosecutors in order to have plaintiffs prosecuted for Obstructing Governmental Administration, Resisting Arrests and Disorderly Conduct.

47. Upon information and belief, defendant Shattuck, prepared false paperwork relating to the plaintiffs' case.

48. Plaintiffs spent approximately 24 hours unlawfully detained in police custody.

49. After six months and four court appearances, plaintiffs reluctantly accepted

Adjournments in Contemplation of Dismissal.

50. During all of the events described, the individual defendants, including Bomparola, Shattuck, and unidentified male, acted maliciously and with intent to injure plaintiffs.

51. At all times relevant hereto, defendants, including Bomparola, Shattuck, and unidentified male, were involved in the decision to arrest the plaintiffs without probable cause or failed to intervene in the actions of their fellow officers when they observed plaintiffs being arrested without probable cause.

52. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages: a violation of their rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violation of New York State law, physical injury, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

## FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

53. The above paragraphs are here incorporated by reference as though fully set forth.

54. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

55. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest Under
42 U.S.C. § 1983 Against Individual Defendants

56. The above paragraphs are here incorporated by reference as though fully set forth.

6

57. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiffs.

58. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiffs were carried out without a valid warrant, without the Plaintiffs' consent, and without probable cause or reasonable suspicion.

59. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiffs.

60. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

61. The above paragraphs are here incorporated by reference as though fully set forth.

62.  Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

63. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

64. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

65. The above paragraphs are here incorporated by reference as though fully set forth.

66. The individual Defendants created false evidence against Plaintiffs, to wit, sworn documents and testimony alleging Plaintiffs committed unlawful acts.

67. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

68. In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual Defendants violated the Plaintiffs' right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## <u>FIFTH CAUSE OF ACTION</u>
Excessive Force Under
42 U.S.C. § 1983

70. The above paragraphs are here incorporated by reference as though fully set forth.

71. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Plaintiff Benson without consent.

72. As a direct and proximate result of this unlawful conduct, Plaintiff Benson sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendants, jointly and severally, as follows:

- a) In favor of Plaintiffs in an amount to be determined by a jury for each of Plaintiffs' causes of action;
- b) Awarding Plaintiffs punitive damages in an amount to be determined by a jury;
- c) Awarding Plaintiffs compensatory damages in an amount to be determined by a jury;
- d) Awarding Plaintiffs reasonable attorneys' fees and costs pursuant to 28 U.S.C. §

8

1988; and

e)   Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.


Dated: January 30, 2017
          Brooklyn New York


                                        Respectfully submitted,

                                                /s/ Cary London, Esq.
                                        *Cary London, Esq.*
                                        Bar Number: CL2947
                                        Attorney for Plaintiffs
                                        London Indusi LLP
                                        186 Joralemon Street, Suite 1202
                                        Brooklyn, NY 11201
                                        (718) 301-4593 – Phone
                                        (718) 247-9391 – Fax
                                        Cary@LondonIndusi.com